UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACIELA TORRES-VASQUEZ,[1]
BRENDA VALERIE BECERRA-LAGUNES,
EFRAIN RIZO-LARA,
LAZARO REYES-HERNANDEZ,
CESAR PELCASTRE-HINOJOZA,
HECTOR CORONADO-BUSTOS,
JAIME ENRIQUE MURCIA-MORAN,
LUIS CARRILLO-SANCHEZ, and
JOSE CALLEJAS-PENSADO,

    Case No. 25-cv-13571
    Honorable Linda V. Parker

          Petitioners,

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, KRISTI NOEM,
Secretary of the U.S. Department of Homeland
Security, U.S. DEPARTMENT OF HOMELAND
SECURITY, PAMELA BONDI, U.S. Attorney
General, and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
_____/

## OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

### Background

Petitioners, although having no lawful immigration status, have resided in the United States for at least a decade, and for many of them, several decades.

---

[1] The parties stipulated to the dismissal of Petitioner Graciela Torres-Vasquez's claims without prejudice on December 2, 2025. (*See* ECF No. 9.)

During that time, they entered partnerships or marriages, had children, remained gainfully employed or owned businesses, purchased homes, and became part of their respective communities. Petitioners Brenda Valerie Becerra-Lagunes, Lazaro Reyes-Hernandez, and Luis Carrillo-Sanchez, citizens of Mexico, have lived in the United States since 2000. Ms. Becerra-Lagunes was three years old when she arrived in this country. Mr. Reyes-Hernandez was nine. Petitioner Efrain Rizo-Lara, also a citizen of Mexico, came to the United States in 1998, at the age of eighteen (18).

Petitioners Hector Coronado-Bustos and Cesar Pelcastre-Hinojoza, also citizens of Mexico, have lived in the United States since 2001 and 2005, respectively. Petitioner Jaime Murcia-Moran, a citizen of El Salvador, and Petitioner Jose Callejas-Pensado, a citizen of Mexico, have lived here since 2015. Mr. Murcia-Moran was under twenty (20) years old when he arrived.

Between August 9 and November 4, 2025, Petitioners were taken into immigration custody following routine traffic stops or targeted investigations. They have been detained ever since without a bond hearing pending removal proceedings. Petitioners are held at different facilities throughout Michigan. Their removal proceedings are being held before the Detroit Immigration Court.

On November 10, 2025, Petitioners filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that their detention without a bond

2

hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  Respondents argue that the detention of Petitioners is mandatory and, therefore, they are not being unlawfully detained.  Respondents also argue that the Court should refrain from deciding the merits of the petition until Petitioners exhaust their administrative remedies.  Finally, Respondents maintain that the only proper respondent to each Petitioner's application for the writ of habeas corpus is that Petitioner's "custodian."

## Legal Standard

A district court may issue a writ of habeas corpus to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pursuant to 28 U.S.C. § 2243, the court, when evaluating an application for the writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

## Analysis

### The Proper Respondents

Petitioners name as Respondents: (1) Kevin Raycraft, Director of the Detroit Field Office for the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations; (2) U.S. Department of Homeland

Secretary Noem; (3) Attorney General Bondi; (4) the U.S. Department of Homeland Security; and (5) the Executive Office for Immigration Review ("EOIR"). Respondents argue that the only proper respondent in this case is Director Raycraft, and then only as to those Petitioners held in the Eastern District of Michigan (Rizo-Lara, Reyes-Hernandez, and Coronado-Bustos). Respondents contend that the claims of the remaining Petitioners (Becerra-Lagunes, Pelcastre-Hinojoza, Murcia-Moran, Carillo-Sanchez, and Callejas-Pensado) belong in the Western District of Michigan and against other respondents, as they are being held in Battle Creek, Michigan. *See* 28 U.S.C. § 102(b)(1).

Section 2243 instructs a habeas court to direct the writ "to the person having custody of the person detained." 28 U.S.C. § 2243. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). As such, the proper habeas respondent must have "the power to produce the body of [the petitioner] before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U.S. 542 U.S. 416, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). In *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), the court held that the ICE Field Office Director is the immediate custodian of an individual in immigration detention. *Id*. at 322.

4

ICE maintains multiple regional field offices to oversee the day-to-day operations of its enforcement and detention apparatus. *See* https://perma.cc/6EPY-QUKB. The Detroit Field Office is responsible for enforcement operations and detention in Michigan and Ohio. *See id*. As such, Director Raycraft is *a* proper respondent with respect to all Petitioners here. This does not mean that the remaining individuals and entities are not also properly named as Respondents.

Petitioners are being detained under a new ICE directive, issued in coordination with the Department of Justice, instructing that Section 235(b) of the INA, 8 U.S.C. § 1225(b), rather than Section 236, 8 U.S.C. § 1226(a), applies to all illegal immigrants except those admitted to the United States and chargeable with deportability under Section 237 of the statute. *See* https://perma.cc/6JUM-ZNRJ. Petitioners are not seeking only their immediate release or a bond hearing in this action, but also ask the Court to declare that § 1226(a), rather than § 1225(b)(2)(A), is the appropriate statutory provision governing the detention of noncitizens like them—that being, individuals who were not at the border or a port of entry seeking admission to the United States when they were detained, but who were already residing in the country when they were apprehended and charged as inadmissible. Petitioners also seek injunctive relief to prevent their transfer from this District pending removal proceedings. Secretary Noem, through Homeland Security, and Attorney General Bondi, through the Department of Justice, are

5

responsible for the directive at issue, the implementation and enforcement of the INA (including the detention and removal of noncitizens), and the immigration court system where Petitioners are being denied bond hearings.

For these reasons, the Court finds no basis to dismiss these named Respondents from this action. However, the Court finds no reason to include the EOIR.

## Exhaustion

Respondents argue that Petitioners must exhaust their administrative remedies before proceeding with their claims here. Exhaustion is required when Congress "specifically mandates" it. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). When exhaustion is not mandated, the decision whether to require it is within the court's "sound judicial discretion." *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013) (citation omitted). A growing number of district judges have concluded, when ruling on habeas petitions like the current one, that no applicable statute or rule requires administrative exhaustion in this situation and exhaustion should not be required. *See, e.g., Lopez-Campos v. Raycraft*, -- F. Supp. 3d --, 2025 WL 2496379, at *4-5 (E.D. Mich. Aug. 29, 2025) (McMillion, J.); *Jose J.O.E. v. Bondi*, -- F. Supp. 3d --, 2025 WL 2466670, at *5-6 (D. Minn. Aug. 27, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1250-54 (W.D. Wash. 2025); *Morales-Martinez v. Raycraft*, No. 25-cv-13303, 2025 WL 3124695, at *2 (E.D.

6

Mich. Nov. 7, 2025) (Behm, J.) ("agree[ing] with the majority of district courts in this circuit and around the nation in deciding not to enforce an exhaustion requirement"). This Court adopts the reasoning in those decisions and concludes that Petitioners need not exhaust administrative remedies to proceed with their claims here.

## The Merits

The key issue here is which provision of the INA applies to the detention of individuals like Petitioners—i.e., non-U.S. citizens facing removal proceedings who were not taken into custody at the border or a port of entry but after living in the United States for some period of time. The choice is between the discretionary detention framework of § 1226(a), as Petitioners argue, or the mandatory detention requirement in § 1225(b)(2), as Respondents argue. This Court is not the first to decide which provision applies.

Numerous courts throughout the country have been presented with the issue since July of this year, when ICE issued its mandatory-detention directive, thereby departing from the government's longstanding interpretation of the INA as providing for the discretionary detention of individuals like Petitioners. An overwhelming majority of those courts have concluded that § 1226(a) is the appropriate statutory framework. *See, e.g., Alvarez Ortiz v. Freden*, -- F. Supp. 3d. --, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, -- F.

7

Supp. 3d --, 2025 WL 2809996 (D. Mass. Oct. 3, 2025); *Rodriguez*, 2025 WL 2782499; *Romero-Nolasco v. McDonald*, -- F. Supp. 3d --, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); *Inlago Tocagon v. Moniz*, -- F. Supp. 3d --, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); *Valencia Zapata v. Kaiser*, -- F. Supp. 3d --, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); *Lepe v. Andrews*, -- F. Supp. 3d --, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, -- F. Supp. 3d --, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Pablo Sequen v. Kaiser*, -- F. Supp. 3d --, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025); *Sampiao v. Hyde*, -- F. Supp. 3d --, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Doe v. Moniz*, -- F. Supp. 3d --, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Lopez-Campos*, 2025 WL 2496379; *Francisco T. v. Bondi*, -- F. Supp. 3d --, 2025 WL 2629839 (D. Minn. Aug. 29, 2025); *Jose J.O.E.*, 2025 WL 2466670; *Maldonado v. Olson*, -- F. Supp. 3d --, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Lopez Benitez v. Francis*, -- F. Supp. 3d --, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Jimenez v. FCI Berlin, Warden*, -- F. Supp. 3d --, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Gallegos Valenzuela*, No. 25-cv-13499, 2025 WL 3296042 (N.D. Ill. Nov. 26, 2025); *Hurtado-Medina v. Raycraft*, No. 25-cv-13248, 2025 WL 3268896 (E.D. Mich. Nov. 24, 2025) (Leitman, J.); *Robledo Gonzalez v. Raycraft*, No. 25-cv-13502, 2025 WL 3218242 (E.D. Mich. Nov. 17,

2025) (Michelson, J.); *Diego v. Raycraft*, No. 25-cv-13288, 2025 WL 3159106 (E.D. Mich. Nov. 12, 2025) (Levy, J.); *Morales-Martinez*, 2025 WL 3124695; *Gimenez Gonzalez v. Raycraft*, No. 25-cv-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025) (Kumar, J.); *Jiménez García v. Raybon*, No. 25-cv-13086, 2025 WL 2976950 (E.D. Mich. Oct. 21, 2025) (DeClercq, J.); *Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Alvarenga Matute v. Wofford*, No. 25-cv-01206, 2025 WL 2817795 (E.D. Cal. Oct. 3, 2025); *Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07286, 2025 WL 2822876 (N.D. Cal. Oct. 3, 2025); *Echevarria v. Bondi*, No. 25-cv-03252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025); *Ayala Casun v. Hyde*, No. 25-cv-427, 2025 WL 2806769 (D.R.I. Oct. 2, 2025); *Chanaguano Caiza v. Scott*, No. 25-cv-00500, 2025 WL 2806416 (D. Me. Oct. 2, 2025); *Guzman Alfaro v. Wamsley*, No. 25-cv-01706, 2025 WL 2822113 (W.D. Wash. Oct. 2, 2025); *Rocha v. Hyde*, No. 25-cv-12584, 2025 WL 2807692 (D. Mass. Oct. 2, 2025); *D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); *Quispe-Ardiles v. Noem*, No. 25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Alves da Silva v. U.S. Immigr. & Customs Enf't*, No. 25-cv-284, 2025 WL 2778083 (D.N.H. Sept. 29, 2025); *Chang Barrios*

9

*v. Shepley*, No. 25-cv-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Quispe v. Crawford*, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717 (M.D. Fla. Sept. 25, 2025); *Roa v. Albarran*, No. 25-cv-07802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); *Brito Barrajas v. Noem*, No. 25-cv-00322, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-96, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Chogllo Chafla v. Scott*, No. 25-cv-00437, 2025 WL 2688541 (D. Me. Sept. 21, 2025); *Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2688160 (D. Me. Sept. 19, 2025); *Beltran Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Maldonado Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Velasquez Salazar v. Dedos*, No. 25-cv-00835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Garcia Cortes, v. Noem*, No. 25-cv-02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-5624, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); *Lopez Santos v. Noem*, No. 25-cv-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025) (White, J.); *Hinestroza v. Kaiser*, No. 25-cv-07559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025); *Guzman v. Andrews*, No. 25-cv-01015, 2025 WL

2617256 (E.D. Cal. Sept. 9, 2025); *Mosqueda v. Noem*, No. 25-cv-02304, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Garcia v. Noem*, No. 25-cv-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Hernandez Nieves v. Kaiser*, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Kostak v. Trump*, No. 25-cv-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Diaz Diaz v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Romero v. Hyde*, No. CV 25-11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Arrazola-Gonzalez v. Noem*, No. 25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Dos Santos v. Noem*, No. 25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Rosado v. Figueroa*, No. 25-cv-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025).[2] This Court is persuaded by these decisions.

---

[2] Respondents identify just a handful of contrary decisions: *Chavez v. Noem*, -- F. Supp. 3d --, 2025 WL 2730228, at *4-5 (S.D. Cal. Sept. 24, 2025) (concluding that § 1225(b)(2) applies to noncitizens present in the United States under the plain meaning of the statute); *Mejia Olalde v. Noem*, No. 25-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (same); *Silva Oliveira v. Patterson*, No. 25-01463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025) (same); *Barrios Sandoval v. Acuna*, No. 25-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025) (same); *Garibay-Robledo v. Noem*, No. 25-177, 2025 WL 2638672 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v.*

11

Section 1225(b)(2)(A) appears in the section of the INA titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. The section starts by identifying the class of aliens[3] covered by § 1225(b)(2)(A): "applicants for admission." *Id*. § 1225(a)(1). The section continues: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." *Id*. Elsewhere, "admission" and "admitted" are defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

Section 1225(b)(2)(A) identifies one circumstance where the detention of an "applicant for admission" is mandatory. It provides, subject to exceptions not relevant here, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not

---

*Trump*, No. 25-526, 2025 WL 2780351, at *4-9 (D. Neb. Sept. 30, 2025) (same); (same); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025) (same).

[3] The Court prefers the term noncitizens. However, because "alien" is the term used in the INA, the Court will use that term during its interpretation of the statute to avoid confusion.

12

clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title [removal proceedings]." 8 U.S.C. § 1225(b)(2)(A).  Aliens detained under Section 1225(b)(2)(A) are not entitled to a bond hearing, although the Secretary of Homeland Security, in his or her discretion, may temporarily parole an individual "for urgent humanitarian reasons or significant public benefit[.]" 8 U.S.C. § 1182(d)(5)(A).

The title of § 1226 of the INA is "Apprehension and detention of aliens[.]" 8 U.S.C. § 1226.  Section 1226(a) is titled "Arrest, detention, and release[.]" *Id.* § 1226(a).  This provision reads:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) and pending such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

*Id.* The statute's implementing regulations also provide that, before a final order of removal is issued, the alien may "request amelioration of the conditions under which he or she may be released"—such as an application to the immigration judge for release on bond. 8 C.F.R. § 1236.1(d)(1).

According to the plain language of the statute, § 1225(b)(2)(A) applies only when an alien is "seeking admission" and the "examining immigration officer" concludes that the alien "is not clearly and beyond doubt entitled to be admitted." Petitioners were not in the process of seeking admission when they encountered federal officials who deemed them not entitled to be admitted. They were going about their everyday lives when they were stopped, arrested, and placed in ICE custody. The plain language of § 1226, including the title of this section and its subsections, apply to their situation. *See Dubin v. United States*, 599 U.S. 110, 120-21 (2023) ("This Court has long considered that the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.").

Respondents nevertheless maintain that any noncitizen "present in the United States who has not been admitted" is an "applicant for admission" under the plain language of § 1225(a)(1). Thus, Respondents continue to argue, all unadmitted noncitizens present in the United States are "applicants for admission" regardless of their proximity to a border, the length of their presence, or whether

14

they intend to properly apply for admission. As such, Respondents claim, Petitioners were seeking admission when an immigration officer determined that they were not clearly and beyond a doubt entitled to be admitted.

As courts have previously concluded, however, Respondents' interpretation "suffers from a number of fatal flaws." *Guerrero Orellana v. Moniz*, -- F. Supp. 3d --, 2025 WL 2809996, at *7 (D. Mass. Oct. 3, 2025). "Equating the terms 'applicant for admission' and 'seeking admission' ignores the plain meaning of the latter phrase, which . . . implies some present action." *Id.*; *see also Martinez*, 792 F. Supp. 3d at 218 (citations omitted). Respondents' interpretation also "is contrary to the [Department of Homeland Security]'s own implementing regulations, its published guidance, the decisions of its immigration judges (until very recently), decades of practice, the Supreme Court's gloss on the statutory scheme, and the overall logic of our immigration system." *Romero v. Hyde*, -- F. Supp. 3d --, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025) (internal citations omitted). It also violates a "cardinal principle of statutory construction"—specifically, that "a statute ought, upon the whole, be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Alvarez Ortiz*, 2025 WL 3085032, at *7 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)). If possible, every clause and word of a statute must be given effect. *United States v. Menasche*, 348 U.S. 528, 538-39 (1995).

"As numerous courts have observed, if all 'applicants for admission' also are 'seeking admission,' then the words 'seeking admission' would be surplusage." *Alvarez Ortiz*, 2025 WL 3085032, at *7 (collecting cases). "After all," the court reasoned in *Alvarez Ortis*, "Congress simply could have said 'if the examining immigration officer determines that an applicant for admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained.' Instead, however, Congress said that an alien who is an applicant for admission and who is seeking admission shall be detained if the examining immigration officer determines that he or she is not clearly entitled to be admitted." *Id*. (quoting 8 U.S.C. § 1225(b)(2)(A)). Thus, the district court concluded, " 'seeking admission' cannot be synonymous with 'applicant for admission.' It must refer to seeking physical entry at the border, not the legal right to enter." *Id*. (footnotes omitted).

In short, § 1226 provides the general rule for detention of noncitizens, while § 1225 specifically covers noncitizens detained at a border or port of entry. Petitioners were not apprehended upon their arrival to the United States at a border or port of entry. Instead, they have lived in the United States for many, many years and were apprehended during traffic or controlled stops. Section 1226, therefore, governs their detention and each of them are entitled to a bond hearing under the statute's discretionary framework.

16

## Conclusion

The Court concludes that, with the exception of EOIR, the named individuals and agencies are proper Respondents in this case.[4] The Court further concludes that Petitioners need not exhaust their administrative remedies to proceed with their request for habeas relief under § 2241. Finally, the Court holds that by denying Petitioners bond hearings, Respondents have violated the INA. The Court therefore finds it unnecessary to address Petitioners' due process claim at this time.

Accordingly,

**IT IS ORDERED** that Petitioners' habeas corpus petition is **GRANTED**.

**IT IS FURTHER ORDERED** that each Petitioner shall be afforded a bond hearing under § 1226(a) before an immigration judge on or before 5:00 p.m. on December 10, 2025, or be released.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of this Opinion and Order, Respondents shall file a status report certifying their compliance with this Opinion and Order and detailing the results of the bond hearings.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 3, 2025

---

[4] EOIR is therefore being terminated as a party to this action.